■ KEVIN RODRIGUEZ, an Infant, by ROBIN L. RODRIGUEZ, His Parent, et al., Appellants, v KATHLEEN J. MESSENGER, Also Known as KATHLEEN J. TUZZEO, et al., Defendants, and STELLA TENENBAUM, Respondent. — Casey, J. Appeal from an order of the Supreme Court at Special Term (Torraca, J.), entered December 23, 1983 in Sullivan County, which granted defendant Stella Tenenbaum's motion for summary judgment dismissing, *inter alia,* the complaint as to her.

As the result of a dog bite to the three-year-old infant plaintiff that occurred on April 16, 1982, the mother of the infant, individually and on behalf of the infant, sued defendant Gerald Specht, the owner of the dog, defendant Stella Tenenbaum and others. After issue was joined, both of these defendants moved for summary judgment dismissing the complaint and cross claims as to them. Special Term denied the motion by defendant Specht, finding issues of fact to be determined at trial, but granted the motion of defendant Tenenbaum for plaintiff's failure to raise factual issues with respect to the Tenenbaum motion. The appeal here is by plaintiff from that part of the order granting defendant Tenenbaum's motion for summary judgment dismissing the complaint against her.

It appears that defendant Tenenbaum was the lessee of an ice cream business which adjoins the premises of defendant Kathleen Julia Messenger, where the dog owned by defendant Specht had been chained outside. On the day the infant was bitten, the

ice cream premises were closed to the public. There is no showing by plaintiff that defendant Tenenbaum ever exercised any dominion or control over the dog or permitted the dog to come over onto the premises that she leased. Furthermore, the affidavit of Martin Hersh in opposition to defendant Tenenbaum's motion is wholly inadequate to raise any issue of fact as it is the affidavit of an attorney lacking actual knowledge of the facts. Special Term properly granted summary judgment to defendant Tenenbaum.

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Mikoll and Harvey, JJ., concur.